RICHARD L. ANTOGNINI, State Bar No. 75711
LAW OFFICES OF RICHARD L. ANTOGNINI
2485 Notre Dame Boulevard, Suite 370-45
Chico, California 95828
Telephone: (916) 295-4816
rlalawyer@yahoo.com
Attorney for Plaintiffs Alfred Nevis
And the Nevis Family Trust

**UNITED STATES BANKRUPTCY COURT FOR**

**THE CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| ALFRED NEVIS and the NEVIS FAMILY TRUST,<br><br>Plaintiffs,<br>v.<br><br>JEREMY W. FAITH, Chapter 7 Trustee, ZION JERGE, WILLIAM KIRWAN, CHRISTINA KIRWAN, and DOES 1 through 10, inclusive,<br><br>Defendants | Adversary Case No:<br><br>Bankruptcy Case no: 9:24-bk-11074-RC<br><br>**ADVERSARY COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiffs ALFRED NEVIS and the NEVIS FAMILY TRUST (“Plaintiffs” or “Plaintiff”) allege:

**JURISDICTION AND VENUE**

1. Jurisdiction and Venue are proper in this Court since the underlying bankruptcy was filed here, and this complaint involves certain actions the defendants have taken in that bankruptcy. Further, the complaint challenges the

distribution of the bankruptcy estate's main asset: the trustee's bank account. This is a core proceeding because it involves an estate asset.

**THE PARTIES**

2. Plaintiff ALFRED NEVIS is a resident of the County of Santa Barbara, State of California, because he is a prisoner at the federal prison in Lompoc, California.

3. Plaintiff NEVIS FAMILY TRUST is a trust formed under the laws of the State of Oregon.

4. Defendant Jeremy Faith is the Chapter 7 trustee in the bankruptcy case of In re Tillamook Investments, Inc., United States Bankruptcy Court for the Central District of California, Northern Division, case no. 9:24-bk-1104-RC (the "Tillamook bankruptcy" or "the bankruptcy). That case remains open.

5. Defendant ZION JERGE ("Jerge") is a citizen of the State of California. He claims to be the majority shareholder of Tillamook Investments, Inc., and claims he is entitled to a large share of the funds in the bankruptcy trustee's bank account.

6. Defendants WILLIAM KIRWAN and CHRISTINA KIRWAN (the "Kirwans) are creditors in the Tillamook Bankruptcy and have claimed a substantial share of the funds in the trustee's bank account.

7. Defendants DOES 1 through 10, inclusive, participate in this case and transactions and are currently unknown to Plaintiff and are sued by such fictitious names. Plaintiffs allege, on information and belief, that these defendants may claim a portion of the funds in the trustee's bank accounts. Plaintiffs will amend this

complaint to identify their true names and roles when that information becomes available.

8. Defendants, and each of them, including the DOE defendants, were the co-conspirator, agent, servant, employer, joint venture, partner, division, owner, parent, subsidiary, alias, assignees, successors in interest, and/or alter ego of the other remaining Defendants and were acting within the purpose and scope of such conspiracy, agency, servitude, joint venture, division, ownership, parent, subsidiary, assignment, successorship, alter-ego, partnership or employment, and with the authority, permission, consent, approval, and ratification of the remaining Defendants.

**FACTUAL ALLEGATIONS**

9. Plaintiffs incorporate the allegations of paragraphs 1-8 above.

10. Plaintiffs contend that they are the majority shareholders of Tillamook. As such, they are entitled to the remaining portions of the trustee's bank account after deductions for administrative expenses. But if the trustee's final report and distribution proposal are adopted, they will lose those funds. That financial injury gives them standing. Defendants dispute those contentions.

11. Defendants Jerge and the Kirwans claim they are entitled to substantial portions of the trustee's bank account because they are creditors. In particular, the Kirwans allege they have a substantial claim against Tillamook for damages from Tillamook's breach of various contracts. Jerge claims he is entitled to

a substantial claim against the trustee's bank account as the sole shareholder of Tillamook.

12. As part of his duties, defendant Faith, the Chapter 7 trustee, gathered the assets of Tillamook and then sold those assets. The sales produced receipts of $2,771,298.35, which the trustee deposited into his bank account.

13. In his July 21, 2026 Trustee's Final Report (docket no. 120 in the Tillamook bankruptcy), the Chapter 7 trustee indicated he had already paid $808,952.97 "under an interim distribution." The report also deducted $182, 292.99 for administrative expenses and $25,835.64 for bank service fees. These deductions have left a balance of $1,753,216.75 in the account.

14. Out of that balance, the trustee proposes to pay the Kirwans 100% of their claim of $893,385.87. The trustee also proposes paying the Buchalter law firm $315,146.82 for legal expenses. The trustee does not identify what the expenses were for or how they benefited Tillamook. The trustee would then pay the balance in the bank account to general creditors, including Jerge, because he claims to be Tillamook's sole shareholder.

15. The bankruptcy court approved the trustee's final report in a September 13, 2026, order. That order does not bind plaintiffs because they were parties to the Tillamook bankruptcy.

**FIRST CLAIM FOR RELIEF-DECLARATORY RELIEF**
**(Against all Defendants)**

16. Plaintiffs incorporate the allegations of paragraphs 1-15 above.

17. Plaintiffs contend they are entitled to a substantial share of the funds remaining in the trustee's bank account. Defendants dispute that contention and argue that the trustee should distribute the funds as outlined in the trustee's final report.

18. An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, about their respective rights, obligations, and duties as they relate to the funds in the trustee's bank account. Plaintiffs seek a judicial determination of their rights, duties, and right to title to the bank account.

19. Plaintiffs seek a declaratory judgment on these issues, among others:

a. Plaintiffs were the sole shareholders in Tillamook at all relevant times.

b. Jerge was never a shareholder in Tillamook.

c. The Kirwans never had a valid claim against Tillamook.

d. The Kirwans were never shareholders of Tillamook.

e. The Kirwans are not entitled to any funds remaining in the trustee's bank account.

f. Jerge is not entitled to any funds remaining in the trustee's bank account.

g. Plaintiffs are entitled to all the funds remaining in the trustee's bank account, less deductions for reasonable administrative expenses.

h. Plaintiffs are entitled to an injunction preventing any further distributions from the trustee's bank account until this complaint is adjudicated on the merits and judgment is entered.

20. Plaintiffs name the Chapter 7 trustee as a defendant to have him bound by any judgment entered in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment as follows:

1. A declaratory judgment on these issues:

a. Plaintiffs were the sole shareholders in Tillamook at all relevant times.

b. Jerge was never a shareholder in Tillamook.

c. The Kirwans never had a valid claim against Tillamook.

d. The Kirwans were never shareholders of Tillamook.

e. The Kirwans are not entitled to any funds remaining in the trustee's bank account.

f. Jerge is not entitled to any funds remaining in the trustee's bank account.

g. Plaintiffs are entitled to all the funds remaining in the trustee's bank account, less deductions for reasonable administrative expenses.

3. An injunction preventing any further distributions from the trustee's bank account until this complaint is adjudicated on the merits and judgment is entered.

4. For their reasonable attorney's fees.

5. For such other relief as the Court deems proper.

DATED: October 9, 2026

Respectfully Submitted,

/s/ *Richard L. Antognini*
Richard Antognini
Attorney for Plaintiffs Alfred Nevis
and the Nevis Family Trust